In the Matter of the Estate of CHARLES E. WHITEHOUSE.

Surrogate's Court, Nassau County, June 21, 1933.

*McKercher & Link* [*George Link, Jr.,* of counsel], for the United States Bond and Mortgage Corporation.

*Harvey George,* for the executrix and widow.

Howell, S. This proceeding has been instituted by petition of the United States Bond and Mortgage Corporation praying for a decree directing the disposition of the decedent's real property for the payment of his debts, administrative and funeral expenses, and for an accounting. The petitioner does not allege that it is a creditor of the decedent. On the contrary, it alleges in substance that an action has been brought and is now pending in the Supreme Court, Kings county, by one Florence N. Phillips as plaintiff, as one of the petitioner's stockholders, for the benefit of the petitioner and all stockholders similarly situated against the petitioner as a defendant and also against other defendants including the executrix of this decedent's estate; and that such action is brought for dividends claimed to have been declared and paid by such defendants as directors of the petitioner in violation of section 58 of the Stock Corporation Law; the complaint in that action demands judgment against said executrix for the sum of $186,619.15, with interest, being the total of the sums alleged to have been distributed as dividends out of capital. The said executrix has appeared and answered denying the material allegations of the complaint and the plaintiffs claim that any of the defendants sued therein as directors were liable for dividends declared and paid in violation of law. The petitioner has appeared and answered similarly.

It clearly appears, therefore, that the action in the Supreme Court, Kings county, antedated the proceeding in this court; that such action is at issue and that the issue therein is whether or not dividends were unlawfully paid so as to create a liability upon decedent's estate running to the petitioner. Under such circumstances it is difficult to see how the petitioner can, at the present time, be a creditor of decedent's estate. It would seem to me that the petitioner is not such a creditor unless and until the liability is established. In any event, I do not consider that the petitioner is at the present time in such a position as to be entitled as a creditor to the relief it here seeks by way of sale of decedent's real

property to pay decedent's debts, and among them a debt not yet established.

The issue, whether or not the petitioner is such a creditor, has been presented in the Supreme Court, Kings county, in an action which antedates this proceeding. This court surely should not remove from the Supreme Court to itself that issue for determination and hence assume jurisdiction of an issue already within the jurisdiction of the Supreme Court. (*Matter of McLaughlin*, 233 App. Div. 850.)

It does not follow, however, that the petition should at the present time be dismissed. Under the statute it is required that the petition in a proceeding of this sort be filed within eighteen months after the granting of letters. That provision has here been complied with.

Under the circumstances presented, this proceeding will be reserved generally pending the determination of the Supreme Court action; and if that action be not tried within a reasonable time, any party to this proceeding may apply to the surrogate for relief in this court.